**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Manuel GONZALEZ–HERNANDEZ,**
**Defendant-Appellant.**

**No. 72–1661.**

United States Court of Appeals,
Fifth Circuit.

July 9, 1973.

---

Samuel S. Forman, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Michael P. Sullivan, Harold F. Keefe, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and INGRAHAM, Circuit Judges.

PER CURIAM:

■ This is a direct appeal from a one-count conviction for conspiracy to import and possess marijuana with the intent to distribute it. Appellant, Manuel Gonzalez-Hernandez, originally pled not guilty to a three-count indictment, but he later changed his plea to guilty to the conspiracy count and the government thereupon dismissed the other two counts. Appellant now argues that he must be allowed to withdraw his guilty plea for two reasons: (1) The trial judge allegedly failed to comply with Rule 11, F.R.Crim.P., at the time the guilty plea was entered; and (2) The guilty plea was allegedly induced by a plea bargain that was later broken by the government. We have studied the record adduced in this case, and although we are convinced that the specific requirements of Rule 11 were indeed satisfied, we conclude that the record is inadequate to permit us to decide the plea-bargaining point and that an evidentiary hearing must therefore be held.

■ When the trial court announced that appellant would be sentenced to the maximum term of imprisonment, five years, and would receive the maximum fine, $15,000, appellant protested that a bargain had been struck with the government whereby appellant would plead guilty to the conspiracy count and would cooperate with the government in disclosing information, in return for which the government would drop the other two counts of the indictment and would recommend that appellant receive probation. The government admits that a plea bargain was struck, but it insists that its terms were severable, *i. e.*, that in exchange for a guilty plea to one count the government would

drop the other two counts, and that if appellant thereafter cooperated, the government would then recommend probation. The dispute is essentially a disagreement as to the facts, for it is clear that if appellant's guilty plea itself was induced by a prosecutorial promise that was later breached, relief will be necessary. *See* Fontaine v. United States, 1973, 411 U.S. 213, 93 S.Ct. 1461, 36 L. Ed.2d 169; Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L. Ed.2d 427; Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Bryan v. United States, 5 Cir. 1973, 481 F.2d 272; United States v. Ewing, 5 Cir. 1973, 480 F.2d 1141; Johnson v. Beto, 5 Cir. 1972, 466 F.2d 478; and James v. Smith, 5 Cir. 1972, 455 F.2d 502. Because the record does not conclusively define and delimit the terms of the agreement,[1] an evidentiary hearing must be held in which the precise terms of the bargain can be ascertained, and if appellant's allegations are found to be correct, relief must be granted under Santobello v. New York and the other cases cited herein.

Affirmed in part, and reversed and remanded in part.

1. In Raines v. United States, 4 Cir. 1970, 423 F.2d 526, the court affirmatively required district judges to go beyond the general inquiry required by Rule 11 at the time a plea of guilty is entered and to make a detailed and specific inquiry into the terms of any plea bargain that may exist:

> "Rule 11 is intended to produce a complete record of the factors relevant to the voluntariness of the guilty plea and, thereby, to forestall subsequent controversy as to voluntariness. The purpose and spirit of the rule is diametrically opposed to the unfortunate tradition of invisible plea bargaining. It is this tradition that causes trouble here. We are not unaware that plea bargaining often occurs without the knowledge of the court. The result is an absurdity: the trial judge knows everything about the plea except what truly motivates it. We have previously recognized plea bargaining as an ineradicable fact. Failure to recognize it tends not to destroy it but to drive it underground. *We re-*

*iterate what we have said before: that when plea bargaining occurs it ought to be spread on the record and publicly disclosed.* United States v. Williams, 407 F.2d 940 (4th Cir. 1969). If that had been the general practice at the time of arraignment in these cases, it is improbable that these contentions would now be made. In the future we think that the district judges should not only make the general inquiry under Rule 11 as to whether the plea of guilty has been coerced or induced by promises, but should specifically inquire of counsel whether plea bargaining has occurred. Logically the general inquiry should elicit information about plea bargaining, but it seldom has in the past."

423 F.2d at 530 (emphasis added). Although not required, that practice is certainly to be recommended, for it has the salutary effect of placing the bargain on the record, which allows more meaningful review of cases in which the defendant later asserts that the bargain was broken.