**UNITED STATES of America**

v.

**Dellande DUMORNE.**

**Cr. No. 74–215.**

United States District Court,
D. Puerto Rico.

April 7, 1975.

Otto Riefkohl, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Manuel A. Sánchez, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

PESQUERA, District Judge.

Defendant was indicted for illegally entering the United States after having been previously deported. On March 6, 1975 he entered a plea of guilty and before sentencing, the preparation of a presentence report was ordered. It appears that upon being interviewed by the Probation Officer, defendant realized that he could be considered a parole violator and would have to serve the balance of his prior sentence for a sale of marihuana. He has now moved to withdraw his plea of guilty on the ground that he did not fully understand the consequences of his plea and that he had difficulty in understanding the nature and significance of his plea because of his difficulties with the English language.

■ Withdrawal of a plea of guilty is permitted under Rule 32(d) of the Federal Rules of Criminal Procedure, but it is not an absolute right. Such a motion is addressed to the sound discretion of the Court. The record in this case reveals a guilty plea intelligently and voluntarily made with assistance of counsel and the admission in open court of all the essential elements of the imputed offense.

■ The requirements of Rule 11 of the Federal Rules of Criminal Procedure that a plea must be voluntary with understanding of the nature of the charge and the consequences of the plea are met when, as in this case, the Court is satisfied that the defendant understands the *direct* consequences of his plea. As stated in United States v. Sambro, 147 U.S.App.D.C. 75, 454 F.2d 918 at 920, "The trial court is not required later on motion to withdraw the plea to consider possible ancillary or consequential results which are peculiar to the individual and which may flow from a conviction on a plea of guilty, although of course such consequences, if known, might be evaluated by the trial judge in assessing punishment".

■ Defendant's claim that he does not understand English well enough to evaluate the consequences of his plea is belied by the record. It appears that defendant had spent five years in New York before he was deported to Haiti, his native country, and he was able to carry on an intelligent conversation with the Court. He did inform the Court about his prior deportation but carefully omitted to give any information with respect to the reason he had been deported, so that the Court would sympathize with him thinking his attempt to illegally re-enter into the United States was motivated by political reasons and in fact only with the purpose of continuing to France.

Furthermore, defendant does not allege that he has a valid defense to the crime charged in the indictment. As stated in Brady v. United States, 397 U.S. 742 at 748, 90 S.Ct. 1463 at 1468, 25 L.Ed.2d 747, "Central to the plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment". In fact, before proceeding to take defendant's plea, the Court made him aware of his right about self incrimination.

■■ In summary, we hold that the granting or denial of a motion for withdrawal of a guilty plea under Rule 32(d) lies in the sound discretion of the Court. That the burden is on the defendant to sustain the allegations of his motion. That he must allege and establish some reason that amounts to fraud, an imposition on him, or a misapprehension of his legal rights, and/or that he is not guilty of the charge to which he pleaded. As the record negates defendant's contentions about his understanding of the proceedings followed in open court, he does not deny his guilt and he was well aware of the direct consequences of his plea. (Assuming he was not aware of the collateral consequences) defendant's motion for leave to withdraw his plea of guilty is hereby denied as we do not see that he has been unfairly or unjustly treated nor that the interest of justice would be best served by reopening the case for trial.