UNITED STATES of America, Appellee,

v.

Ruben FOURNIER, Defendant-Appellant.

No. 78–1096.

United States Court of Appeals,
First Circuit.

Submitted Nov. 9, 1978.

Decided March 14, 1979.

Carlos Perez Olivo, San Juan, P. R., on brief, for defendant-appellant.

Julio Morales Sanchez, U. S. Atty., and Jose A. Quiles, Asst. U. S. Atty., San Juan, P. R., on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

On September 7, 1977, Ruben Fournier Ortiz pleaded guilty to possession of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1). At the hearing on his plea, the government represented that Fournier delivered an ounce of cocaine to a codefendant, Angel Robles Bauza, who in turn sold it to a government informant in Ponce, Puerto Rico. Fournier was sentenced on October 14, 1977, to eight years imprisonment and a three year term of special parole.

Over three months later, on January 20, 1978, Fournier filed, through new counsel, a "Motion for New Trial Based on New Evi-

dence and Recantation of a Witness or Based on Petition to Withdraw Guilty Plea." This motion was apparently made pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, which gives the district court discretion to allow withdrawal of a guilty plea after sentence "to correct manifest injustice." [1] The issue before us is whether the district court abused its discretion in summarily denying the motion without a hearing.

### The Defendant's Motion

Fournier advanced two grounds for relief in his motion: (1) the "recantation" of Angel Robles, and (2) "newly discovered evidence" from Luis Colon Rodriguez, another codefendant.[2] Amplifying his first claim, Fournier alleged that he pleaded guilty because he was informed a few minutes before trial that Angel Robles, the witness he had planned to call in his defense, had become a "state witness" and would not testify for him. According to the motion, the defendant was advised to plead guilty because the court would not grant a postponement and would give a harsh sentence if he went to trial without a defense.

The motion contained a further assertion that, after the defendant was sentenced, Robles told him that he did not testify in his favor "because he was informed the government would give him the maximum sentence if he helped defendant." Finally, the motion indicated that Robles was now willing to testify that the defendant was not guilty and an affidavit of Robles to that effect accompanied the motion.

The substance of the affidavit is as follows. In order to get more money from one Sammy Vicens, to whom he was going to sell an ounce of cocaine, Robles told Vicens that he had no cocaine in Ponce, but could get some from San Juan. He called Fournier, falsely pretending that Fournier was going to be his source. Fournier was not at work, but returned his call later, came to Ponce and met Robles at his store. As Fournier was driving him home, Robles saw Vicens at the beach, left Fournier's car and made the sale. Fournier did not know that he was carrying cocaine in his wallet, nor that he had planned a drug transaction with Vicens.

This purported testimony would have been contradicted by evidence the prosecutor said that he was prepared to present against Fournier at the time of Fournier's plea: that Fournier pulled a small package containing cocaine from under a mat in his car and gave it to Robles, who then sold it to the informant Vicens.

The affidavit contained the following explanation of Robles' delay in coming forward:

> I hadn't stated this before because I became distantiated [*sic*] from Ruben Fournier ever since the arrest and *because the prosecutor sent me word that if I testified in favor of anyone in this case, they wouldn't accept my guilty plea and would sentence me to the maximum sentence.* (emphasis supplied).

Robles added:

> Since I had already given a statement admitting my guilt, I didn't think I would have a good chance in a trial. I was stuck.

With reference to the defendant's second claim, the motion represented that he learned only after his sentencing that Luis Colon Rodriguez could testify that Robles told him that he had called Fournier in order to try to get more money from Vicens. An employee at Robles' store and a minor figure in the case, Colon pleaded guilty to aiding and abetting the possession of cocaine on the same day Fournier plead-

---

1. The motion itself makes no reference to the rule, but the "Memorandum of Law" incorporated within it mentions the "manifest injustice" standard. In his brief, defendant refers to the motion as having been made under Rule 32(d).

2. Allegations that a witness has "recanted" or that new evidence has been discovered are more common to motions for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. This may account for the defendant's having improperly styled his motion alternatively as a motion for a new trial.

ed guilty, but was not available for sentencing on the same day as Fournier. In his motion, Fournier claimed that his failure to learn that Colon could testify in his behalf was not due to lack of due diligence because he did not know Colon well and did not have an opportunity to speak to him before the sentencing. No affidavit from Colon was offered.

### The Government's Opposition and The Court's Ruling

The government filed an opposition to the defendant's motion on January 26, 1978, six days after the motion was filed. The Assistant United States Attorney who authored the opposition memorandum denied that his office had received a copy of the Robles affidavit and represented that it was not on file with the court. Nevertheless, he argued that the motion was so frivolous that it should be denied summarily, even without the affidavit.

It was the government's position that the defendant's allegations were belated fabrications. Pointing out that there was no indication in the record that Robles was going to be a prosecution witness, the writer of the opposition memorandum stated that the person who prosecuted the case had assured him that the government never offered Robles the opportunity to become a prosecution witness or intended to rely on his testimony. This statement was not submitted in affidavit form, nor was an affidavit from the person who prosecuted the case supplied.

On February 3, 1978, eight days after the government filed its opposition, the district court denied the defendant's motion without a hearing and without stating any reason for its action.

### Standard for Determining Whether a Hearing Should Have Been Held

Having recited the procedural history of this case, we turn to the question when a hearing must be held on a motion to withdraw a guilty plea under Rule 32(d). Although the rule itself sets no standard, the parties have assumed that the standard for ordering a hearing under the analogous provision of a motion to vacate sentence, 28 U.S.C. § 2255, should apply.[3] There is impressive authority for this approach. *E. g., United States v. Masthers*, 176 U.S.App. D.C. 242, 247, 539 F.2d 721, 726 n. 36 (1976); *United States v. Mainer*, 383 F.2d 444, 447 (3d Cir. 1967); *United States v. Tivis*, 302 F.Supp. 581, 583 (N.D.Tex.1969), aff'd, 421 F.2d 147 (5th Cir. 1970); 8A Moore's Federal Practice § 32.07[4] (2d rev. ed. 1978). To apply the same standard in determining whether a hearing is necessary in proceedings under Rule 32(d) and § 2255 makes sense, because a prisoner will sometimes attack his guilty plea under both provisions. *E. g., United States v. Masthers, supra*, 539 F.2d at 722; *Masciola v. United States*, 469 F.2d 1057, 1058 (3d Cir. 1972); *Durant v. United States*, 410 F.2d 689, 690–691 (1st Cir. 1969).[4]

The tests which have been employed for determining the necessity of a hearing in Rule 32(d) and § 2255 cases are similar. Section 2255 requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." It has likewise been stated that a hearing on a motion under Rule 32(d) need not be held "when the files and records of the court show that a movant is not entitled to relief." *United States v. Carabbia*, 512 F.2d

3. In arguing that a hearing was necessary, the defendant relies in large measure on two cases arising under § 2255, *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), and *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). The government does not dispute the applicability of these cases, but contends they did not require a hearing in this case.

4. The provisions of Rule 32(d) and § 2255 overlap considerably, but relief for "manifest injustice" under Rule 32(d) might be available even when no relief would be required under § 2255. *Meyer v. United States*, 424 F.2d 1181, 1190 (8th Cir. 1970), *cert. denied*, 400 U.S. 853, 91 S.Ct. 92, 27 L.Ed.2d 91 (1970); *Pilkington v. United States*, 315 F.2d 204, 209 (4th Cir. 1963). For further comparison of the two provisions, *see* 8A Moore's Federal Practice, § 32.07[4] (2d rev. ed. 1978).

34, 36 (6th Cir. 1975). *Cf. Blackledge v. Allison*, 431 U.S. 63, 74–75, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (comparing the hearing provisions in 28 U.S.C. § 2255 and 28 U.S.C. § 2243). In both types of proceedings, hearings have been said to be unnecessary when the allegations attacking a guilty plea are vague and conclusory, *Machibroda v. United States, supra*, 368 U.S. at 495, 82 S.Ct. 510; *Moody v. United States*, 497 F.2d 359, 362 (7th Cir. 1974); *Macon v. United States*, 414 F.2d 1290, 1291 (9th Cir. 1969), or, in the case of a § 2255 petition, "palpably incredible," *Machibroda v. United States, supra*, 368 U.S. at 495, 82 S.Ct. 510. However, hearings have been required when material factual disputes have arisen, and when the allegations made, if true, would require relief. *Id.* at 493–496, 82 S.Ct. 510; *United States v. Gonzalez-Hernandez*, 481 F.2d 648, 650 (5th Cir. 1973); *United States v. McCarthy*, 433 F.2d 591, 592–593 (1st Cir. 1970); *Zaffarano v. United States*, 306 F.2d 707, 710 (9th Cir. 1962). *Compare United States v. Erlenborn*, 483 F.2d 165, 167 (9th Cir. 1973); *United States v. Allen*, 458 F.2d 988, 989 (3d Cir. 1972), *cert. denied*, 406 U.S. 970, 92 S.Ct. 2429, 32 L.Ed.2d 670 (1972); *Kent v. United States*, 272 F.2d 795, 798–799 (1st Cir. 1959).

■ We, therefore, think it appropriate to examine the allegations made in support of the defendant's Rule 32(d) motion from the same perspective as we would the allegations in a § 2255 petition attacking a guilty plea.

> We must take [the defendant's] allegations "as true, except to the extent that they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact." *Domenica v. United States*, 292 F.2d 483, 484 (1st Cir. 1961).

*Otero-Rivera v. United States*, 494 F.2d 900, 902 (1st Cir. 1974).

■ Because of the discretionary nature of relief under Rule 32(d), the standard cannot practicably be that one is entitled to a hearing whenever relief is possible. That would require courts to grant hearings in almost every Rule 32(d) case. Rather, "[a]s under § 2255 if the petitioner's motion alleges facts which, if true, would entitle him to relief, the Court must hold a plenary hearing." *United States v. Tivis, supra*, 302 F.Supp. at 583. That is to say that the district court may deny a hearing so long as it does so on the basis of the facts as alleged by the defendant and so long as it would be within the court's discretion to do so were the facts alleged by the defendant true.

■ On the record before us, we are unable to determine the basis on which the court denied defendant's motion. If the court denied the motion because it believed the government's statement that the allegations were "a fabrication," then the court erred and should have granted a hearing. If, as is possible, however, the court accepted defendant's allegations and, nonetheless, denied relief because the court found no "manifest injustice," then no hearing was necessary. We note that whatever prompted his strategic choice to plea bargain and plead guilty, the defendant stated under oath in open court with the advice of counsel that the plea was voluntarily made and that the facts as recited by the prosecutor at the Rule 11 hearing were true. "Under Rule 32(d) a failure to demonstrate innocence, *or an admission of guilt*, has ordinarily been considered fatal." 8A Moore's Federal Practice, *supra*, ¶ 3207[4] at 32–128. This is not a case where the defendant claims that he did not understand the consequences of his plea or was somehow incapable of entering an intelligent plea. *See United States v. McCarthy, supra*, 433 F.2d at 593; *United States v. Dumorne*, 392 F.Supp. 530, 531 (D.P.R.1975).

We must remand this case to give the court below an opportunity to explain its reasons for denying the motion. Such an explanation should always be given when a Rule 32(d) motion alleges facts that might justify relief. Otherwise, unless the record were perfectly clear, we would not be able to determine whether the district court had acted within its discretion.

On remand, the district court may, of course, consider Fournier's second claim—

**280**

that of "newly discovered evidence" from the codefendant Colon. It appears to us, however, that Colon's version of the incident could have been discovered with due diligence before the defendant pleaded guilty and would, at best, corroborate testimony from Robles. It is, therefore, extremely doubtful that testimony from Colon would entitle the defendant to withdraw his guilty plea. *Nunez Cordero v. United States*, 533 F.2d 723, 726 (1st Cir. 1976). *Cf. United States v. Bermudez*, 526 F.2d 89, 100–101 (2d Cir. 1975), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976) (motion for new trial denied).

*Reversed and remanded to the district court for proceedings consistent with this opinion.*