DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Erie County Court denying the motion to vacate a guilty plea filed by appellant, Matthew Cooper. Appellant was charged on October 27, 1999 with possession of drugs, in violation of R.C. 2925.11(A), a minor misdemeanor, and possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. Appellant was arraigned on November 1, 1999.
In a report by the Erie County Sheriff's Office, it was described that the dean of students at the EHOVE Career Center requested that dogs trained to detect narcotics make a search of the school campus. During the search, the canines alerted on appellant's vehicle. A search of appellant's vehicle was conducted and found within were two pipes that are commonly used to smoke marijuana, a plastic baggie containing suspected marijuana, a partial marijuana cigarette or "roach," and a Tylenol bottle containing several Tylenol and suspected marijuana residue.
In court, on November 1, 1999, appellant, without representation of counsel, signed a statement certifying that his rights were presented to him as written, and that they were read to him and explained to his satisfaction and understanding. Also, on November 1, 1999, the trial court entered a judgment entry stating that appellant had entered a plea of guilty to a violation of R.C. 2925.14(C)(1), possession of drug paraphernalia. Appellant was found guilty and fined $100, plus court costs, his operators license was suspended for six months, until May 1, 2000, he was sentenced to jail for a period of thirty days, to commence on December 27, 1999, twenty-five of which were suspended, and placed on probation for a period of two years. Appellant also pled guilty to a violation of R.C. 2925.11(A), possession of marijuana, was found guilty, fined $100, plus court costs, had his license suspended for six months, until May 1, 2000, and was placed on probation for a period of two years.
On November 4, 1999, appellant filed a motion to vacate his pleas of guilty on the basis that he did not understand the import of entering a guilty plea and that the plea was not knowingly, voluntarily and willingly made. Specifically, appellant alleged in his motion that "prior to entering a plea of guilty in this matter he was informed by a member of the Erie County Sheriff's Department that he would not be [sentenced] to any actual jail time in this matter." Appellant also alleged that he had a valid defense "based upon what appeared to be violations of his [Miranda] rights as well as specific issues involving the search and seizure of his motor vehicle." Appellant's motion further stated:
 "The undersigned asserts that the Defendant was ordered to report to the parking lot at Ehove at which time he was confronted by a member of the Erie County Sheriff's Department who informed the Defendant at that time that they had a right to search his motor vehicle. The Defendant was not advised of his [Miranda] warnings and will testify that he felt that he was not free to leave at that time. The Defendant made certain incriminatory statements to the officer during these initial stages and as a direct and proximate result of these statements the search of his motor vehicle was conducted and the evidence which was the subject of the charges in these cases was seized."
This motion was not supported by any affidavit or other evidence. On November 5, 1999, the trial court denied appellant's motion, without hearing.
Appellant appealed this judgment of the trial court and raises the following assignments of error:
"I. FIRST ASSIGNMENT OF ERROR
 "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ALLOW THE DEFENDANT TO WITHDRAW HIS UNCOUNSELED PLEA TO THE CHARGE WHEN THE EVIDENCE BEFORE THE COURT WAS THAT THE DEFENDANT DETRIMENTALLY RELIED UPON REPRESENTATIONS OF LAW OFFICERS AS TO HIS SENTENCE THAT HE WOULD BE GIVEN BY THE COURT.
"II. SECOND ASSIGNMENT OF ERROR
 "WHETHER THE TRIAL COURT FAILED TO GRANT THE DEFENDANT DUE PROCESS IN FAILING TO SCHEDULE A HEARING TO DETERMINE THE EFFECT OF THE UNCOUNSELED PLEA WHICH WAS DIRECTLY LINKED TO THE REPRESENTATIONS OF LAW ENFORCEMENT OFFICER AS TO THE LENIENCY OF THE SENTENCE THAT THE DEFENDANT WOULD BE GIVEN IN THIS CASE."
The state did not respond to appellant's appeal.
Appellant asserts that his motion to withdraw "was filed prior to the actual imposition of the sentence in this case but was filed after the sentence was pronounced." Hence, appellant asserts that his motion should have been freely allowed, pursuant to Crim.R. 32.1, as it was filed before his sentence was imposed. We find no support for appellant's argument.
Although the portion of appellant's sentence requiring him to serve five days of imprisonment did not commence until December 27, 1999, his sentence was nevertheless "imposed" on November 1, 1999. Appellant was informed of his sentence on November 1, 1999, the judgment entry was filed, his operator's license was suspended from that day forth, and he was placed on probation. Accordingly, we find that appellant's motion to withdraw his guilty plea was made after imposition of sentence.
A court may set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1;State v. Smith (1977), 49 Ohio St.2d 261, 264. "[A] postsentence withdrawal motion is allowable only in extraordinary cases." Id. at 264. "Manifest injustice" must be demonstrated in order to "avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." Id. The burden of establishing the existence of a manifest injustice is upon the individual seeking vacation of the plea. Id. at paragraph one of the syllabus. The trial court's decision on a postsentence motion to vacate a guilty plea will not be disturbed absent an abuse of discretion. Id. at paragraph two of the syllabus.
The fact that a defendant was mistaken concerning the penalty to be imposed does not ipso facto rise to the level of manifest injustice. State v. Grigsby (1992), 80 Ohio App.3d 291,300. This is true even when the mistake is the result of advice or predictions by trial counsel concerning the sentence likely to be imposed. State v. Grant (Feb. 9, 2000), Belmont App. No. 98 BA 41, unreported.
Hence, because appellant's motion to withdraw his guilty plea was filed after sentence was imposed, appellant has the burden of demonstrating the existence of manifest injustice. The "manifest injustice" asserted by appellant was that he (1) "was confronted by a member of the Erie County Sheriff's Department who informed [him] at that time that they had a right to search his motor vehicle"; (2) felt he was not free to leave; (3) made certain "incriminatory statements to the officer during these initial stages" which caused the search of his motor vehicle; and (4) entered his guilty plea because of the representation by personnel from the sheriff's department that appellant would not receive any actual jail time for his offense.
Initially, we note that appellant has not demonstrated that he was not informed or misinformed by the trial court concerning his potential sentence. Also, there is no indication that appellant notified the trial court of any alleged "promise" by the representative of the sheriff's department concerning sentencing. Accordingly, we find that, even if believed, appellant's mistaken belief concerning the sentence to be imposed does not constitute a manifest injustice. See Grigsby, supra.
We further find appellant's allegation regarding an unlawful search to be lacking. Significantly, we note that appellant presented no affidavit or other evidence in support of his claim that the search was unlawful and/or that he was in custody while the incriminating statements were made. See Statev. Kessler (Sept. 30, 1993), Montgomery App. No. 13870, unreported, (motion to withdraw properly denied where appellant failed to submit an affidavit or evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was involuntary). Moreover, appellant never even offered what the nature of the incriminating statements may have been. Accordingly, we find that even if we believe appellant's assertions, his allegations fail to demonstrate a manifest injustice. See State v. Woodruff (Feb. 13, 1998), Clark App. No. 97-CA-19, unreported.
Finding no manifest injustice, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his postsentence plea of guilty. Accordingly, appellant's first assignment of error is found not well-taken.
Appellant argues in his second assignment of error that the trial court denied him due process in failing to conduct a hearing on his motion to withdraw his guilty plea. Generally, with respect to a postsentence motion to withdraw a plea, "a hearing is not required if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik (1984), 17 Ohio App.3d 201,204, citing, United States v. Fournier (C.A.1, 1979),594 F.2d 276. In view of our determination that appellant's assertions of the facts did not result in manifest injustice, the trial court was not required to hold a hearing on appellant's Crim.R. 32.1 motion. Appellant's second assignment of error is therefore found not well-taken.
On consideration whereof, this court finds that the judgment of the Erie County Court is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., Mark L. Pietrykowski, J., Judges concur.
 ____________________________ Richard W. Knepper, P.J.