OPINION
This appeal is brought by Daniel J. Reynolds from the judgment of the Court of Common Pleas, Putnam County, overruling his motion for leave to file a post-sentence motion to withdraw guilty plea pursuant to Ohio Criminal Rule 32.1.
On May 21, 1999 appellant Daniel J. Reynolds shot co-worker Scott Morris in the arm. Reynolds was indicted on one count of Felonious Assault with a gun specification, a violation of R.C. 2903.11, a felony of the second degree. Thereafter, Reynolds and the State of Ohio entered into a plea agreement whereby the State would drop the gun specification and recommend a sentence of four years with no commitment on judicial release in exchange for Reynolds' guilty plea.
On October 14, 1999 the matter came to hearing before the trial court for the purpose of entering Reynolds' change of plea. The State read the terms of the plea agreement onto the record to include the four-year recommendation. Subsequently, the trial court conducted a proper Criminal Rule 11 inquiry ensuring that Reynolds understood the consequences of his guilty plea. The trial court accepted the guilty plea but then delayed sentencing so that a pre-sentence investigation report could be compiled.
On December 20, 1999 when the matter was resumed for sentencing the State reiterated its recommendation that Reynolds be sentenced to four years incarceration. The court allowed statements by the victim, the victim's mother and afterwards allowed Reynolds to present the testimony of his former stepfather in addition to his own statement in mitigation. The trial court acknowledged the four-year recommendation on the table but noted that the court was not bound by the State's recommendation and thereafter imposed a six-year sentence. Reynolds did not file a direct appeal attacking this sentence nor did he file a timely action for post-conviction relief.
Nearly two years later, on October 4, 2001 Reynolds filed a pro se Post Sentence Motion to Withdraw Guilty Plea[1] Pursuant to Ohio Rule of Criminal Procedure 32.1. On November 9, 2001 the trial court, without holding a hearing, overruled the motion. It is from this judgment that Reynolds now appeals.
 Appellant raises the following assignments of error: "The trial court erred when it failed to hold a hearing on Appellant's Motion to withdraw his Guilty Plea pursuant to Criminal Rule 32.1 when the court failed to adhere to the plea agreement that was already accepted by the court.
 "The trial court erred when it did not hold a hearing on Appellant'sMotion to Withdraw his Guilty Plea pursuant to Criminal Rule 32.1 whenAppellant was denied his Sixth Amendment right to the effective assistanceof counsel.
 "The trial court erred by not holding a hearing to determine whetherthe trial court itself had breached the plea agreement of that ofAppellant and the Prosecuting Attorney."
 We cannot reach the merits of Appellant's assignments of error without first navigating the procedural waters his action stirs up. As Reynolds is a pro se
litigant, we are most certain that he is completely unaware of the quagmire he has stumbled upon. Nevertheless, we are unable to avoid it.
Appellant brought this action in the trial court pursuant to Criminal Rule 32.1 nearly two years after he entered, and the trial court accepted, his plea of guilt to one count of felonious assault. Crim.R. 32.1 provides that a trial court may grant a post-sentence motion to withdraw a guilty plea upon a showing of manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. And while the language of Crim.R. 32.1 does not include a time restriction for filing, it is our holding today that a post-sentence motion to withdraw a guilty plea is indeed limited in time by the consistent application of res judicata.
Generally, there are two methods by which a criminal defendant may attack a judgment of conviction or sentence. If the alleged error is ascertainable on the face of the record a defendant may file a direct appeal within thirty days of the judgment entry of conviction or sentencing. The second avenue a criminal defendant has is a petition for post-conviction relief pursuant to R.C. 2953.21. Issues properly raised in a petition for post-conviction relief are those which could not have been raised on direct appeal because the evidence supporting such issues is outside the record. State v. Milanovich (1975), 42 Ohio St.2d 46,50, 325 N.E.2d 540. The post-conviction relief statute, R.C. 2953.21, provides that any person who has been convicted of a criminal offense and who claims that his or her rights under the Ohio Constitution or the Constitution of the United States have been infringed such as to render the judgment void or voidable may file a petition for relief no later than one hundred eighty days after the date on which the trial transcript is filed or no later than one hundred eighty days after the expiration of the time for filing the direct appeal. R.C. 2953.21
The question presented by Appellant's motion to withdraw his guilty plea pursuant to Crim.R. 32.1 is whether the arguments he offers in support of his motion were better raised on direct appeal or in a petition for post-conviction relief. More to the point, the issue we explore today is whether the doctrine of res judicata is applicable to a post-sentence motion to withdraw a guilty plea, filed after the time for direct appeal and post conviction relief.
The doctrine of res judicata establishes that a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by defendant at trial. State v. Szefcyk
(1996), 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus. Furthermore, a defendant's failure to appeal a judgment of conviction bars as res judicata any subsequent attempt to litigate issues that could have been raised on a direct appeal. State v. Dick (2000),137 Ohio App.3d 260, 2000-Ohio-1685, 738 N.E.2d 456, citing State v.Harmon (1995), 103 Ohio App.3d 595, 598, 660 N.E.2d 532. "The fact that Defendant did not undertake a direct appeal from [his] * * * conviction and sentence does not change the application of the res judicata doctrine." State v. Quiles (Jan 2, 1997), Lorain App. No. 96CA006312.
It is well settled law that res judicata applies to petitions for post conviction relief. According to the doctrine of res judicata, constitutional issues cannot be considered in post-conviction proceedings brought pursuant to R.C. 2953.21 where they have already or could have been fully litigated by the defendant, either before his judgment of conviction or on direct appeal from that judgment. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph seven of the syllabus. More simply put, claims that were or could have been raised at trial or on direct appeal are not permitted in a post-conviction review.State v. Pack (Aug. 24, 2001), Auglaize App. No. 2-01-08 2001-Ohio-2252, citing State v. Steffen (1994), 70 Ohio St.3d 399, 410, 994-Ohio-111,639 N.E.2d 67.
In the limited circumstances where a criminal defendant has plead guilty, there is a third avenue by which to address error in a conviction or sentence. The criminal defendant who has plead guilty may collaterally attack his conviction or sentence by bringing a motion for a post-sentence withdrawal of a guilty plea pursuant to Crim.R. 32.1 which requires a showing of manifest injustice.
A post-sentence motion to withdraw a guilty plea is permitted only in extraordinary cases and left to the sound discretion of the trial court with the burden of establishing manifest injustice borne by the defendant. State v. Smith (1977), 49 Ohio St.2d at 264. Unlike petitions for post conviction relief, Crim.R. 32.1 does not require the showing of a constitutional violation. Nor does Crim.R. 32.1 require that the manifest injustice occur within or outside the record. Rather, Crim.R. 32.1 leaves the defendant free to show manifest injustice in any manner that it may arise thus begging the question: does res judicata apply to motions filed pursuant to Criminal Rule 32.1? We find that answer to be in the affirmative.
Admittedly, the Ohio Supreme Court has yet to decide an action brought pursuant to a post-sentence Crim.R. 32.1 motion to withdraw a guilty plea filed after the time for direct appeal and post-conviction relief. Furthermore, the Ohio Supreme Court has not stated directly that res judicata applies to actions brought pursuant to Crim.R. 32.1. Regardless of what has not been said, in State v. Szefcyk, the Ohio Supreme Court held that the doctrine of res judicata applies to any
proceeding. (emphasis added) Moreover, the Szefcyk court stated, "We have stressed that [the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice." State v. Szefcyk
(1996), 77 Ohio St.3d at 95, citing Federated Dept. Stores, Inc. v.Moitie (1981), 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103.
Moreover, in State ex rel. Special Prosecutors v. Judges, Court ofCommon Pleas (1978), 55 Ohio St.2d 94, 378 N.E.2d 162, the Ohio Supreme Court considered the ability of a trial court to grant the withdrawal of a guilty plea after a criminal defendant had appealed the conviction to an appellate court. There the court stated:
 "Crim.R. 32.1 does not vest jurisdiction in a trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do. Thus, we find a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial." Id. at 97-98.
 In conjunction with the previously discussed Ohio Supreme Court holdings, when given the opportunity, nearly every appellate district in Ohio has applied the doctrine of res judicata to Crim.R. 32.1 motions, this court included. See State v. Rhoades (June 28, 1996), Wyandot App. No. 16-96-5. However, after delving deeper into the law and methodology applied by this court and our sister districts to post-sentence motions to withdraw a guilty plea filed after the time for direct appeal and post-conviction relief has expired, we have discovered vast inconsistencies between and within the districts.
Herein lies the heart of the turmoil mentioned at the outset of this opinion. Most of the Ohio Appellate Districts at some point or another have applied res judicata directly to motions brought pursuant to Crim.R. 32.1.[2] See State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182; State v. Jeffries (July 30, 1999), Wood App. No. L-98-1316; State v. Wyrick (Aug. 31, 2001), Fairfield App. No. 01CA17;State v. Unger (May 23, 2001), Adams App. No. 00CA705l; State v.Mootispaw (March 26, 1998), Lawrence App. No. 97CA26; State v. Bojar
(Jan. 21, 1999), Cuyahoga App. No. 74919; State v. Clemens (May 31, 2000), Summit App. No. 19770; State v. Moreland (Sept. 4, 1997), Franklin App. No. 97APA01-109; State v. Lake (Mar. 28, 1996), Franklin App. No. 95APA07-847; State v. Cale (March 23, 2001), Lake App. No. 2000-L-034. A quagmire exists because courts have not applied the doctrine of res judicata on a consistent basis to post- sentence motions brought pursuant to Criminal Rule 32.1. See State v. Nathan (1995), 99 Ohio App.3d 722;State v. Landgraf (Sept. 2, 1999), Auglaize App. No. 2-99-4; State v.Kerns (July 14, 2000), Trumbull App. No. 99-T-0106; State v. Talley (Jan 30, 1998), Montgomery App. No. 16479. Often, the applicability of res judicata is never brought up or considered merely as an afterthought. SeeState v. Unger (May 23, 2001), Adams App. No. 00CA705; State v. Gibbs
(June 9, 2000), Trumbull App. No. 98-T-0190.
Another issue tangled within the applicability of res judicata to post-sentence Crim.R. 32.1 motions is the recent trend to treat a post-sentence motion to withdraw a guilty plea as a petition for post-conviction relief. See State v. Parra (Jan. 14, 2000), Lucas App. No. L-99-1123. In State v. Hill (1998), 129 Ohio App.3d 658,718 N.E.2d 978 the First District Court of Appeals held that "A post-sentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise, such a motion is a petition for post conviction relief." The Hill decision was based largely on the Ohio Supreme Court's decision in State v. Reynolds (1997), 79 Ohio St.3d 158,1997-Ohio-304, 679 N.E.2d 1131 in which the court held, "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such motion is a petition for post conviction relief as defined in R.C. 2953.21." Id. at syllabus.
While we fully embrace the First District's rationale that "a litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21 by styling his action as a motion to withdraw a guilty plea," Hill at 661, we disagree with Hill's interpretation of Reynolds
since in Reynolds the Supreme Court was considering a vaguely titled "Motion to Correct or Vacate Sentence" and not a motion filed pursuant to a specific rule of criminal procedure. Since there was no controlling rule or statutory provision governing or providing for a Motion to Correct or Vacate Sentence, the Ohio State Supreme Court looked at the contents of the defendant's motions and determined that substantively it was a petition for post conviction relief and then treated it as such.State v. Reynolds (1997), 79 Ohio St.3d at 160. To conclude, as did the court in Hill, that the Ohio Supreme Court meant for the post-conviction statute to subsume all motions brought pursuant to Crim.R. 32.1 alleging constitutional deprivations is an unreasonable interpretation of Reynolds.
Applying the doctrine of res judicata to post-sentence motions to withdraw a guilty plea brought pursuant to Crim.R. 32.1 is a more straightforward route towards accomplishing this court's stated goal of preventing criminal defendants from circumventing the time constraints of direct appeal and post conviction relief. The Eleventh District Court of Appeals accomplished as much in State v. Cale (March 23, 2001), Lake App. No. 2000-l-034, by rejecting the Hill case and applying res judicata. Moreover, applying res judicata to Crim.R. 32.1 motions will not prevent a criminal defendant from filing a Crim.R.32.1 motion asserting a constitutional claim while the time for post-conviction relief is still ripe. (The Hill rationale would automatically transform this motion into a petition for post-conviction relief.) Finally, consistently applying res judicata to post-sentence Crim.R. 32.1 motions will still allow a criminal defendant to raise an error that could not have been redressed via direct appeal or post conviction relief such as when a plea agreement is breached. See Seikbert v. Wilkinson (1994) 69 Ohio St.3d 489, 491,1994-Ohio-39, 633 N.E.2d 1128 (Crim.R. 32.1 is an adequate legal remedy to rectify any alleged breach of a plea agreement).
In State v. Bush (May 25, 2001), Union App. No. 14-2000-44, a majority of a panel of this court adopted the First District's holding in Hill but took care to register reservations about "the harsh results of this `bright-line rule' as it relates to motions made under Crim.R 32.1." The Bush majority concluded, "Criminal Rule 32.1 was not intended to be subsumed by the time limitations outlined in the post-conviction relief statutes." Nevertheless, a majority of a panel of this court concluded that the Ohio Supreme Court's ruling in Reynolds was controlling. See also; State v. Northern (June 14, 2001), Allen App. No. 1-01-01; Statev. Bass (June 15, 2001), Hardin App. No. 6-2000-12. Consequently, this court has certified to the Ohio Supreme Court State v. Bush, supra andState v. Northern, supra as being in conflict with State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034 and State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479. See State v. Northern(2001),93 Ohio St.3d 1461, 756 N.E.2d 1237; State v. Bush (2001),93 Ohio St.3d 1448, 756 N.E.2d 112(Whether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21
and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations.) Despite this recent certification, we believe our holding today acts as an answer to our own question and furthermore clarifies our former interpretation ofReynolds.
In conclusion, courts should not apply the provisions of R.C. 2953.21
and R.C. 2953.23 to post-sentence Crim.R. 32.1 motions. Trial courts and thereafter reviewing courts, when presented with a motion to withdraw a guilty plea brought after the time for direct appeal or post-conviction relief, should consider first whether the claims raised in the motion are barred by res judicata. If the claim is not barred, the court should then apply the manifest injustice standard in accordance with Crim.R. 32.1. Our decision today answers to the Bush majority's stated reservations as well as to the concerns of the dissenting members of theBush and Northern panels.
Res judicata prevents us from reaching the merits of Appellant's arguments sub judice. Reynolds asserts three assignments of error for our review, each alleging that the trial court erred by not holding a hearing on his motion to withdraw his guilty plea. In his first and third assignments of error, Reynolds argues that by sentencing him to six years incarceration rather than the recommended four, the trial court breached its own promise to accept the plea agreement and to impose the sentence recommended by the prosecution. In his second assignment of error Reynolds alleges that he was denied his Sixth Amendment right to the effective assistance of counsel since his attorney failed to inform him that the trial court was not bound by the State's recommendation. Reynolds further argues in various places throughout his brief that his guilty plea was not knowingly or voluntarily entered since the trial court itself failed to inform him that it was not bound by the State's sentence recommendation. We find that each of these claims are barred by the doctrine of res judicata.
Reynolds' first and third assignments of error occur on the face of the record and therefore could have been raised on direct appeal. Reynolds did not file a direct appeal attacking his sentence. Reynolds' claim that he was denied effective assistance of counsel appears outside the record and therefore should have been attacked via a petition for post conviction relief but was not. State v. Cooperrider (1983),4 Ohio St.3d 226, 228, 448 N.E.2d 452 (Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the post-conviction remedies of R.C. 2953.21). While each of his arguments is properly brought in a Crim.R. 32.1 motion as an attempt to show manifest injustice, the claims nevertheless are barred.
A trial court is not required to hold a hearing on the motion to withdraw a plea of guilt if the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn. State v. Nathan (1995), 99 Ohio App.3d 772; State v. Blatnik
(1984), 17 Ohio App.3d 201, 478 N.E.2d 1016 (citing United States v.Fournier (C.A.1, 1979), 594 F.2d 276.) "The decision on whether or not a court is to hold a hearing on a defendant's Crim.R. 32.1 motion to withdraw a plea is [also] reviewed to determine whether the trial court committed an abuse of discretion." State v. Alexander (Feb. 19, 1998), Cuyahoga App. No. 72028. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
Having determined that Appellant's claims were untimely brought, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1 without hearing. Accordingly, each of Appellants' assignments of error are overruled. For the reasons stated it is the order of this Court that the judgment of the Court of Court of Common Pleas, Putnam County is AFFIRMED.
Judgment affirmed.
WALTERS, J., concurs in judgment only.
SHAW, P.J., dissenting.
[1] The motion was captioned "Motion for Leave to File a Post-Sentence Motion to Withdraw Guilty Plea" but was fully briefed as a Post-Sentence Motion to Withdraw Guilty Plea, therefore we review it as such.
[2] Only the Second District Court of Appeals has gone so far to hold that the doctrine of res judicata does not apply to Crim.R. 32.1 motions. State v. Wolford (September 17, 1999), Miami App. No. 99CA10,unreported (overruling State v. Shorter (Oct. 2, 1998), Montgomery App.No. 16983, holding that res judicata applies to motions brought pursuantto Crim.R. 32.1) Recently, however, the Second District recognizedWolford's inconsistency with the Ohio Supreme Court's holdings in Statev. Szefcyk, supra, but declined to rule on the applicability of resjudicata to 32.1 motions. State v. Reed (Oct. 5, 2000), Clark App. No. 01CA0028.